UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE ANGUS F. NI

CASE NO. 2:25-rd-00001-DGE

ORDER REGARDING
RECIPROCAL DISCIPLINE

This matter comes before the Court on the question of whether the Court should impose reciprocal discipline upon Respondent Angus F. Ni.  For the reasons set forth below, Respondent is suspended from practice before this Court for a period of five months.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Respondent is an attorney admitted to practice in the State of Washington, the State of New York, and the United States District Court for the Western District of Washington.  (Dkt. No. 1 at 1.)  Respondent is also authorized to practice before the United States Patent and Trademark Office ("USPTO" or "The Office") in trademark matters.  (*Id.*)  On February 5, 2025,

1    the Court received notice from the USPTO that it had suspended Respondent from practice

2    before the Office for a period of five months for violations of the USPTO's Rules of Professional

3    Conduct.  (*Id.*)  According to the USPTO:

4        Mr. Ni established a U.S. trademark prosecution practice in conjunction
         with Shenzhen Cadmon Intellectual Property Co., Ltd. ("SCIP") [], of
5        Shenzhen, Guangdong, China, wherein **non-lawyer personnel from SCIP
         were allowed to <u>prepare and file</u> U.S. trademark <u>applications and</u>**
6        **Office <u>action responses</u> with the USPTO <u>without review</u>** by Mr. Ni. He
         also allowed SCIP personnel to sign his name to documents filed with the
7        USPTO, including declarations appurtenant to new trademark applications.

8        Mr. Ni has not been previously disciplined by the USPTO, and he
         represents that he has never been the subject of professional discipline by
9        any court or state bar.

10   (*Id.* at 16–17) (emphasis added).

11       The USPTO found Respondent had "acknowledged his ethical lapses, demonstrated

12   genuine contrition, and accepted responsibility for his acts and omissions" and "informed the

13   Deputy Commissioner for Trademark Examination Policy of the improper signatures and

14   provided an itemized list of the associated filings."  (*Id.* at 7.)  The USPTO further

15   acknowledged that Respondent cooperated with its investigation by agreeing to an online

16   interview and providing "timely, candid, and non-evasive responses to requests for information."

17   (*Id.*)

18       On February 6, 2025, the Court issued an order directing Respondent to show cause

19   within 30 days why reciprocal discipline should not be imposed by this Court.  (Dkt. No. 2.)  On

20   March 7, 2025, Respondent submitted a response to the Court's order. [1]  (Dkt. No. 3.)

21

22   _____

23   [1] The Court's order to show cause informed Respondent that if he chose to respond to the order,
     he "must produce a certified copy of the entire record from the United States Patent and
     Trademark Office or persuade the Court that less than the entire record will suffice."  (Dkt. No 2
24   n. 1.)  Respondent has not done so, but it is unclear whether the "entire record" in this case

ORDER REGARDING RECIPROCAL DISCIPLINE - 2

## II.    LEGAL STANDARD

"Upon receipt of reliable information that an attorney subject to the disciplinary jurisdiction of this court has been subjected to discipline by any other jurisdiction . . . the Chief Judge, or other district judge who may be assigned to the matter, may issue an Order to Show Cause why reciprocal discipline should not be imposed by this court."  Local Civil Rule 83.3(c)(6)(E).  "If the attorney files a written response to the Order to Show Cause within the time specified, stating that he or she contests the entry of an order of reciprocal discipline, then the Chief Judge, or other district judge who may be assigned, shall determine whether an order of reciprocal discipline shall be entered."  LCR 83.3(c)(6)(G).

The judge shall impose an order of reciprocal discipline, unless the attorney demonstrates by clear and convincing evidence that one or more of the following elements appear from the record on which the original discipline is predicated;

(i) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(ii) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject;

(iii) the imposition of like discipline would result in a grave injustice; or

(iv) other substantial reasons exist so as to justify not accepting the other jurisdiction's conclusion(s).

*Id.*

---

includes any documents beyond the USPTO's Final Order, which is already on the docket.  In any event, the Court finds it has sufficient evidence upon which to base a ruling.

### III.     DISCUSSION

In his response to the Court's order to show cause, Respondent argues the Court should not adopt reciprocal discipline, or should, in the alternative, impose a lesser sanction than the one imposed by the USPTO. (Dkt. No. 4 at 1.) Respondent argues that the USPTO's order identified only a single, substantive rule violation, and made no finding that any of the trademark applications submitted by Respondent were untruthful, inaccurate, or otherwise factually compromised by the process he utilized and supervised. (*Id.* at 2–3.) Respondent also emphasizes his acceptance of responsibility for his actions and his cooperation with the USPTO's investigation. (*Id.* at 3–4.)

Respondent further argues the infractions that are the subject of the USPTO's order "are unique to the trademark application context and not analogizable to any practice before the Western District." (*Id.* at 6.) Respondent contends he only violated one substantive USPTO practice rule, which requires him to personally sign every submission, and that the Western District has no comparable requirement in its local civil rules. (*Id.*) Respondent further contends it is normal for attorneys to delegate signature authority, and that there is no rule in this district that requires attorneys to sign every submission personally. (*Id.* at 8–9.)

Respondent cites the Court's Electronic Filing Procedures, which provides that an electronic document is deemed signed "when filed using a valid electronic filing account that matches a signature on the document[.]" Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases, Section I.B.[2] Respondent also cites the following language from the Court's filing procedures: "[e]ach e-filer is responsible for all documents filed

---

[2] Available at: https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf

using their electronic filing account. No one shall knowingly permit, or cause to permit, a login and password to be used by unauthorized persons." *Id.* at Section III.B.

Respondent's arguments are unpersuasive, and his citation to the Court's electronic filing procedures is misplaced. The infractions for which Respondent was suspended, namely allowing non-attorneys to prepare trademark applications without his review and permitting those non-attorneys to sign his name to documents filed with the USPTO, are addressed by the Washington Rules of Professional Conduct (the "RPC"). Under the Western District's local civil rules, attorneys appearing in this district shall be familiar with, and shall comply with, the RPC. LCR 83.3(a)(2). The RPC contains provisions addressing Respondent's conduct[3], including:

- RPC 1.1 (competence)
- RPC 1.3 (diligence)
- RPC 3.3 (candor toward the tribunal)
- RPC 4.1 (truthfulness in statements to others)
- RPC 5.3 (responsibilities regarding nonlawyer assistants)
- RPC 5.5 (unauthorized practice of law)

Moreover, the requirement that an attorney personally review and sign submissions is well established. For example, Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." *See also* LCR 10(e)(4) ("All pleadings, motions and other filings shall be dated and signed as provided by Federal Rule of Civil Procedure 11, LCR 11, and the court's Electronic Filing Procedures.") Further, the statutory history of Rule 11 "clearly supports the notion that a party whose signature appears on a document must personally review such document prior to filing." *In re Obasi*, Case No. 10–10494 (SHL), 2011 WL 6336153, at *4 (Bankr. S.D.N.Y. Dec. 19, 2011). Rule 11 was amended in 1993 to delete language stating that

---

[3] Respondent was disciplined under analogous USPTO Rules of Professional Conduct. (Dkt. No. 1 at 8–9.)

"[t]he signature of an attorney . . . constitutes a certificate that the attorney . . . has read the document." *Id.*   However, this language was deleted "only because such an obligation was clear even without the language." *Id.*

Finally, while the imposition of reciprocal discipline would impose some degree of hardship on Respondent, it would not represent the kind of "grave injustice" contemplated by the local rules.  In considering whether to impose reciprocal discipline, courts do not re-try an attorney for misconduct.  *In re Kramer*, 282 F.3d 721, 727 (9th Cir. 2002).  Rather, courts inquire "only whether the punishment imposed by another disciplinary authority or court was so ill-fitted to an attorney's adjudicated misconduct that reciprocal [discipline] would result in grave injustice." *Id.*  Here, even if the discipline imposed by the USPTO was somewhat excessive, Respondent has not established by clear and convincing evidence that it is so-ill fitted to Respondent's conduct that it would result in a grave injustice.

### IV.    ORDER

Accordingly, it is ORDERED that Angus F. Ni is suspended from practice before this Court for a period of five months beginning from today's date.  Thereafter, Mr. Ni may petition the Court for an order allowing him to again practice before the Court.


Dated this 2nd day of May, 2025.



David G. Estudillo
United States District Judge