UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| IN RE ANGUS F. NI | CASE NO. 2:25-rd-00001-DGE |
|---|---|
| | ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 6.) |

Respondent Angus F. Ni's seeks reconsideration (Dkt. No. 6) of the Court's May 2, 2025 order (Dkt. No. 5) imposing reciprocal discipline and suspending Respondent from practice before this Court for a period of five months from the date of the Court's order.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used

sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Respondent argues the Court should reconsider its order imposing reciprocal discipline due to a May 6, 2025 order issued by the Washington Supreme Court, which also imposed reciprocal discipline. (Dkt. No. 6 at 1–2.) The Washington Supreme Court also imposed a five-month suspension,[1] but ordered that Respondent's suspension would begin on December 19, 2024, the date the United States Patent and Trademark Office ("USPTO" or "The Office") suspended Respondent from practice before the Office for a period of five months. (Dkt. No. 6 at 1–2.)

Respondent acknowledges this Court is not bound by the order of the Washington Supreme Court, but argues the Court should nevertheless defer to the Washington Supreme Court as the "final adjudicator of whether, and to what extent, a practitioner has violated the state's rules of professional conduct." (*Id.* at 3.) Respondent asks the Court to adjust his period of suspension to between December 19, 2024 and March 13, 2025[2] or earlier. (*Id.* at 3–4.)

---

[1] The Washington Supreme Court's order also included a probationary period of 18 months. (Dkt. No. 6-1 at 2.)

[2] The date Respondent's most recent jury trial in the Western District of Washington concluded.

ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 6.) - 2

1   Respondent is correct that the Court is not bound by the decision of the Washington
2   Supreme Court concerning when his period of his suspension in this Court should run. Adjusting
3   the period of Respondent's discipline so that it ended on March 13, 2025 or earlier would reduce
4   the length of his suspension. Adjusting his suspension to run for a period of five months
5   beginning December 19, 2024 also would mean that Respondent was suspended from practice
6   before this Court during a period when he was sole counsel for the plaintiff in a trial before this
7   Court. *See Griepsma v. Andersen et al*, 2:21-cv-00302-JCC.

8   The Court finds no error in its prior order. Accordingly, Respondent's motion for
9   reconsideration (Dkt. No. 6) is DENIED.

11   Dated this 20th day of May, 2025.

David G. Estudillo
United States District Judge